

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
TIME:
MAY 1 9 2006
JAMES BONINI, Clerk
COLUMBUS, OHIO

Ivan Nicholas Robert,

    Petitioner,

v.

Gayle M. Tesson (aka Robert),

    Respondent.

Case No. 1:04cv333

Judge Michael H. Watson

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the Parties' Objections to the June 29, 2005 Magistrate Judge's Report and Recommendation (Doc. 72) regarding Petitioner's Petition for Return of Children pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, *et seq.* Petitioner claims that Respondent wrongfully removed their children from France to the United States in violation of the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention").

A.    The Magistrate's Report and Recommendation.

In the June 29, 2005 Report and Recommendation ("R&R"), the Magistrate Judge recommends denying the Petition for Return of the Children to France based on the Magistrate Judge's finding that the children's habitual residence was the United States and the parties did not intend to abandon that residence in favor of France. The Magistrate Judge found that the children's presence in France was conditioned on the successful reconciliation of their parents' marriage. For the sake of completeness, the Magistrate Judge found that even if France was the habitual residence of the children,

Respondent had failed to show that she was entitled to the "grave risk of harm" affirmative defense under the Convention.

B. Objections to the Report and Recommendation.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Petitioner filed Objections to the R&R (Doc. 76). Respondent also filed Objections to the R&R (Doc. 75). Petitioner and Respondent each filed responses to the Objections (Docs. 77 & 79).

Petitioner's Objections consist of sixty-five numbered paragraphs, each containing one objection to the R&R. Petitioner's objections are primarily based on individual factual findings made by the Magistrate Judge. Petitioner also accuses the Magistrate Judge of "mischaracterizing" certain evidence. Petitioner's other objections relate to the legal findings of the Magistrate Judge: (1) Petitioner objects to the Magistrate Judge's failure to discuss a principal behind the Convention – to restore the pre-abduction *status quo* and to deter parents from crossing borders in search of a more sympathetic court; (2) Petitioner objects to the Magistrate Judge's failure to find that at all relevant times the parties' shared intent was to have the children's place of habitual residence in France.

Respondent's objections to the R&R are that (1) the Magistrate Judge's ruling on Respondent's affirmative defense of grave risk of psychological harm was in error because the Magistrate Judge had already determined there was no wrongful removal; and (2) the Magistrate Judge erred in finding that Respondent failed to establish by

clear and convincing evidence that the children would be exposed to a grave risk of psychological harm had they been ordered to be sent to France.

C.     Background.

On May 17, 2004, Petitioner Ivan Robert filed a Petition for the Return of Children pursuant to ICARA, 42 U.S.C. § 11601, *et seq.*, alleging Respondent wrongfully removed their children from France to the United States in violation of the Convention (Doc. 1). Petitioner and Respondent Gayle Tesson were married on January 6, 1996 in Northern France. On May 22, 1997, their twin boys, Thomas J. and Alexis E. Robert were born in Houston, Texas.

The Magistrate Judge held an evidentiary hearing on this matter over the course of eleven days between October 2004 and April 2005. The Record in this case and the lengthy R&R demonstrates the Magistrate Judge's careful consideration of the testimony and other evidence set forth in this case. The Magistrate Judge had the benefit of observing each of the witnesses, reviewing approximately 400 exhibits, and was able to ask numerous questions over the course of the hearing.

The Court does not believe it is necessary to repeat the factual background of this case, which is detailed in the R&R. It is also not necessary to summarize the arguments of the parties, as the Magistrate Judge addressed the issues thoroughly in the R&R. Finally, the Court will not repeat the Magistrate Judge's discussion of the Sixth Circuit's decisions in *Friedrich v. Friedrich*, 983 F.2d 1396 (6th Cir. 1993) (*Friedrich I*) and *Friedrich v. Friedrich*, 78 F.3d 1060 (6th Cir. 1996) (*Friedrich II*) and subsequent decisions by other federal courts of appeal because the Parties do not dispute that this is the proper framework for the Court's analysis.

D.    <u>Analysis</u>.

The Court has conducted a complete review of the record, as well as each and every factual objection raised by Petitioner *de novo*. This detailed review caused a necessary delay in the Court's decision.

Many of Petitioner's factual objections are to findings by the Magistrate Judge that Respondent's testimony was more credible than Petitioner's testimony. The Magistrate Judge himself recognized how pivotal the issue of credibility was to the resolution of this matter:

> The Robert children's physical residence between the United States and France over the pertinent six and one-half years changed no less than five times . . . The children's seemingly nomadic lifestyle between two countries and within the United States itself over their six and one-half years prior to October 8, 2003, coupled with issues of the parents' credibility renders this case anything but simple in determining the children's habitual residence immediately prior to their removal from France.

(R&R at 25) The Court, however, believes that the Magistrate Judge was in the best position to make determinations regarding the credibility of the witnesses. The Magistrate Judge had the opportunity to observe the witnesses live, in addition to reviewing written and video depositions and other documents in the record. Therefore, the Court finds that the objections raised by Petitioner regarding credibility findings do not have any merit (Petitioner's Obj. ¶¶ 1-5, 7, 11-16, 18, 20, 22-26).

Petitioner objects to the Magistrate Judge's reference to a report by Dr. Daniel Nelson, which was submitted by Respondent (Petitioner's Obj. ¶ 27-28). The Magistrate Judge noted that Dr. Nelson was of the opinion that the harm from any separation of the children from Respondent would be more severe than the harm to a child who is in the "zone of war, disease, or famine but who retains maternal support."

The Court finds that it was not error for the Magistrate Judge to refer to this report in his recitation of evidence in the record. The Court notes that the Magistrate Judge was careful to recognize that Dr. Nelson admitted that his opinion was based on the children's entire lives, including the time period after October 8, 2003. Moreover, when analyzing Respondent's "grave risk of harm" defense, the Magistrate Judge ultimately rejected Dr. Nelson's opinion regarding the psychological harm to the children. Petitioner's objections regarding Dr. Nelson's report are therefore overruled.

Petitioner objects to the Magistrate Judge's characterization that the family "traveled to France" in December of 1998 and Respondent "took time off from work to travel to France" in August of 2001 (Petitioner's Obj. ¶¶ 6, 9). Petitioner argues that the Parties did not just travel to France, but that they moved there. The Court concludes otherwise after reviewing the Record. The family was first living in a rental, and then later lived with Petitioner's mother. A permanent residence was not established. In July of 1999, Respondent returned to the United States with the children. The Magistrate Judge also heard the Parties' testimony regarding the numerous trips to France. In light of the many trips back and forth between the United States and France, it was not unreasonable for the Magistrate Judge to characterize these trips as travel. Petitioner's objections are therefore overruled.

Petitioner also objects to the Magistrate Judge's characterization that the marriage between the Parties was "not working" and there was discussion of divorce (Petitioner's Obj. ¶¶ 8, 10, 19). Petitioner argues that the Magistrate Judge ignored evidence such as pictures and correspondence. The Court does not find that the Magistrate Judge ignored evidence, but rather that he found Respondent's

characterization of the relationship to be more credible. Petitioner also refers to conflicting actions by Respondent to show that her statements regarding their relationship are false. However, the Court finds that the Magistrate Judge correctly characterized Respondent's actions in stating that "[i]t is apparent from this evidence that rather than showing an intent to live permanently in France, Respondent was exploring various options for stabilizing her relationship with Petitioner in France while at the same time maintaining the security of her livelihood, employment possibilities, professional relationships, and family support in the United States as an 'escape valve.'" (R&R at 32). Moreover, the Court does not find it significant that Respondent met secretly with a divorce attorney in France. Therefore, Petitioner's objections are overruled.

Petitioner objects to the Magistrate Judge's failure to discuss "a driving principle behind the Convention – to restore the pre-abduction *status quo* and to deter parents from crossing borders in search of a more sympathetic court." (Petitioner's Obj. 64). Petitioner argues that Respondent did just that, fled France for a more sympathetic court in the United States. The Court notes that the Magistrate Judge specifically cited to this principle at the beginning of his analysis, and there is nothing in the Magistrate Judge's analysis which indicates that he lost sight of the purpose or prohibitions of the Convention. Therefore, Petitioner's objection on this basis is overruled.

Finally, Petitioner objects to the Magistrate Judge's conclusion that the United States, not France, was the children's place of habitual residence as of October 8, 2003. (Petitioner's Obj. ¶¶ 7, 29-65). Petitioner fails to set forth any compelling arguments as to why the Magistrate Judge's well-reasoned decision is incorrect.

Accordingly, the Court overrules each of Petitioner's objections relating to the Magistrate Judge's finding that parties held no shared intent to abandon the United States as the habitual residence of the children in favor of a new habitual residence in France.

Turning next to Respondent's Objections, Respondent argues that the Magistrate Judge's ruling on Respondent's affirmative defense of grave risk of psychological harm was in error because the Magistrate Judge had already determined there was no wrongful removal. Respondent set forth an alternative argument in the initial briefing, asserting that "assuming, arguendo, the habitual residence of the children is France, Respondent meets her burden of showing by clear and convincing evidence an affirmative defense in this action." (R&R at 42). It is not uncommon for parties to assert alternative arguments to ensure the best outcome in a case. The argument was fully briefed and properly before the Court. While it is true that the Magistrate Judge had already decided the case in Respondent's favor, and it was not necessary to address the alternative issue, the Court finds that the Magistrate Judge properly considered this alternative argument and overrules Respondent's objection.

Respondent also objects to the Magistrate Judge's finding that Respondent failed to establish by clear and convincing evidence that the children would be exposed to a grave risk of psychological harm had they been ordered to be sent to France. This defense is a narrow exception to the Convention. 42 U.S.C. § 11601(a)(4). A grave risk of harm for the purposes of the Convention can exist in only two situations: (1) when return of the child puts the child in imminent danger prior to the resolution of the custody dispute (e.g., returning the child to a zone of war, famine, or disease; and (2)

where there is serious abuse or neglect, or extraordinary emotional dependence, and the court in the country of habitual residence may be incapable or unwilling to give the child adequate protection. See *Friedrich II*, 78 F.3d at 1069. Respondent argues that there is a grave risk that if the children were ordered to be returned to France, it would expose them to psychological harm. For the reasons stated by the Magistrate Judge, there is no evidence that the children would be exposed to a grave risk of psychological harm if this Court had found that there was wrongful removal and the children were ordered to be returned to France. The Court therefore overrules Respondent's objection.

E.  Conclusion.

The Court has reviewed the record *de novo*, and paid particular attention to those portions thereof which are related to Petitioner's and Respondent's objections. The Court finds that the Magistrate Judge thoroughly and properly weighed the evidence relevant to his determination regarding the children's habitual residence, and reached the correct conclusion that the children's habitual residence as of October 8, 2003, was in the United States. As a consequence, there was no wrongful removal. The Court therefore **OVERRULES** Petitioner's objections.

The Court also finds that the Magistrate Judge properly considered Respondent's alternative argument that "assuming, arguendo, the habitual residence of the children is France, Respondent meets her burden of showing by clear and convincing evidence an affirmative defense in this action." (R&R at 42). The Court finds that this exception is narrow and there is no evidence that the children would be exposed to a grave risk of psychological harm if this Court had found that there was

wrongful removal and the children were ordered to be returned to France. The Court therefore **OVERRULES** Respondent's objections.

The Court **ADOPTS** the Magistrate Judge's June 29, 2005 Report and Recommendation (Doc. 72) in its entirety. The Court denies as moot Petitioner's Motion for Oral Argument (Doc. 78).

Finally, the Court notes that two motions are still pending before this Court, and are referred to the Magistrate Judge: Respondent's Motion to Enforce the Settlement Agreement, and Petitioner's Motion to Dismiss Respondent's Motion to Enforce the Settlement Agreement (Docs. 50, 54). The Court is aware that the Parties have participated in mediation previously, with the goal of reaching an agreement regarding some form of shared custody. The Court would strongly encourage the parties to continue negotiating a resolution and contact the Court if it can be of any assistance in this regard.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court